# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|     Plaintiff-Appellee, ) | |
| ) | |
| v. ) | No. 24-4354(L) & 24-4356 |
| ) | |
| KULBIR KAUR, ) | |
| HARMANPREET SINGH, ) | |
|     Defendants – Appellants ) | |

_____

## APPELLANTS' REPLY BRIEF
_____

Meghan Skelton
SkeltonLaw, LLC
P. O. Box 308
Cabin John, MD 20818
240-425-2280
meghan@skelton.law


Jonathan P. Sheldon, Va. Bar No. 66726
Sheldon & Flood, P.L.C.
10621 Jones Street, #301A
Fairfax, Virginia 22030
(703) 691-8410
(703) 991-7413 (fax)
Jsheldon@SFHDefense.com

*Counsel for Kulbir Kaur & Harmanpreet Singh*


## Table of Contents

Table of Authorities ................................................................................ ii

Argument .................................................................................................. 1

    I.   The district court erred in refusing to sever the defendants for separate trials ................................................................... 1

    II.  Admitting Kaur's statements violated Singh's Sixth Amendment confrontation rights ........................................... 3

    III. The district court erroneously excluded reverse 404(b) evidence ...................................................................... 8

Conclusion ............................................................................................... 10

Certificates .............................................................................................. 11

## TABLE OF AUTHORITIES

**CASES**

*Bruton v. United States*, 391 U.S. 123 (1968) ............................................................5

*Chapman v. California*, 386 U.S. 18 (1967) ..............................................................7

*Crawford v. Washington*, 541 U.S. 36 (2004) ...........................................................6

*Davis v. Washington*, 547 U.S. 813 (2006) ...............................................................6

*Sullivan v. Louisiana*, 508 U.S. 275 (1993) ...............................................................7

*Tennessee v. Street*, 471 U.S. 409 (1985) ..................................................................4

*United States v. Acre*, 49 F.4th 382 (4th Cir. 2022) ..................................................5

*United States v. Benson*, 957 F.3d 218 (4th Cir. 2020) .............................................5

*United States v. Cabrera-Beltran*, 660 F.3d 742 (4th Cir. 2011) .............................6

*United States v. Denton*, 944 F.3d 170 (4th Cir. 2019) .............................................6

*United States v. Dinkins*, 691 F.3d 358 (4th Cir. 2012) ............................................2

*United States v. Najjar*, 300 F.3d 466 (4th Cir. 2002) ..............................................2

*United States v. Olano*, 507 U.S. 7325 (1993) .........................................................9

*United States v. Singh*, 518 F.3d 236 (4th Cir. 2008) ...............................................2

*Zafiro v. United States*, 506 U.S. 534 (1993) .......................................................1, 2

**RULES**

iii

# ARGUMENT

## I. The district court erred in refusing to sever the defendants for separate trials.

The government asserts that Singh suffered no prejudice from a joint trial. More specifically, the government claims that Singh could not show prejudice because Kaur's statements would have been admissible in separate trials, and that her statements did not mention him by name. (Gov. Br. 31) The government's arguments do not withstand scrutiny. In fact, Singh suffered prejudice because essential exculpatory evidence was unavailable to him due to the joint trial.

The government claims that Singh was not prejudiced because Kaur's statements would have been admissible against him in a separate trial. But the government relies on one sentence in *Zafiro v. United States*, 506 U.S. 534, 538-39 (1993), without regard to the rest of the paragraph in that decision. It is true that *Zafiro* provides an illustration of prejudice when evidence is admitted in a joint trial that would be inadmissible in separate trials. *Id.* And the government extrapolates that since the document would be admissible in a trial against Singh alone—a point that Singh does not concede—under *Zafiro's* analysis he did not suffer prejudice.

But the government fails to address the other examples that *Zafiro* discusses. The same paragraph explains that a defendant may be prejudiced in a joint trial because "essential exculpatory evidence that would be available to a defendant

1

tried alone [was] unavailable in a joint trial." *Zafiro*, 506 U.S. at 539. Here, Singh was unable to challenge the government's interpretation of Kaur's statements. Singh was stuck with the government's version of events, as he could not call the author of the document and declarant and cross examine her regarding the meaning or intent behind the statements.

Moreover, the government cites no case contradicting this point, instead raising arguments that do not join issue with the appellant. It relies on *United States v. Najjar*, 300 F.3d 466, 474 (4th Cir. 2002), for the proposition that antagonistic defenses do not establish prejudice sufficient for severance. (Gov. Br. 32). But Singh does not rely on antagonistic defenses to establish that the district court abused its discretion. And in *Najjar*, the co-defendant testified, meaning that the sort of exculpatory evidence that was unavailable to Singh was available in that case. *Id.* at 474. The government also asks the Court to consider *United States v. Singh*, 518 F.3d 236, 255 (4th Cir. 2008), but this case does not address the unavailability of exculpatory evidence, so has no bearing on the issue here.

Finally, no relief short of severance mitigated the prejudice. In some instances, district courts can give limiting instructions to reduce the prejudicial impact of joint trials. *See United States v. Dinkins*, 691 F.3d 358, 368 (4th Cir. 2012). But no such measures occurred here.

2

Critical exculpatory evidence was unavailable to Singh because he was tried jointly with Kaur. He could not mount any meaningful challenge to the government's interpretation of Kaur's statements in a joint trial. And those statements served as a focus of the government's argument that Kaur and Singh had conspired to commit the crimes charged here, as evidenced by the government's closing arguments. (JA1430-1431; JA1470) This Court should therefore reverse his conviction.

## II. Admitting Kaur's statements violated Singh's Sixth Amendment confrontation rights.

The government asserts that admitting Kaur's sworn statements in an affidavit submitted to the government in support of a visa extension did not violate Singh's Sixth Amendment confrontation rights. According to the government, the statements were neither hearsay nor testimonial. The government is wrong on both counts.

The government's argument that Kaur's sworn statements were not hearsay is incorrect. (Gov. Br. 17) According to the government, it did not introduce the statements to prove their truth, but to prove their falsity. What the government ignores here is that the purpose of introducing the statements was the *content* of the Kaur's words. The government did not offer the statements to prove that they were said, to prove an excited utterance, to evince a dying declaration or any other hearsay exception. The government offered them for the contents and explicitly

3

asked the jury to consider the contents of the statements. The meaning of the words themselves, not simply that they were written, was the point.

The purpose of the Confrontation Clause is to protect a defendant's right to cross examination. *Tennessee v. Street*, 471 U.S. 409, 414 (1985). Therefore, if a statement is offered for a purpose other than to prove the validity of its contents, courts are less concerned about protecting the right to cross examine the declarant. *See id.* Here, on the other hand, since the point of admitting the out-of-court statements was the contents of the statements, testing the statements through cross examination was critical to Singh's defense. The statements were offered into evidence through a government agent, and cross examining that agent would be meaningless to challenge to contents or the government's interpretation of the contents of the statements. The only way the Confrontation Clause would not be violated would be to admit the out-of-court statements through the declarant so that Singh could have cross examined her.

The government is also incorrect in claiming that the statements were not testimonial. The government asserts that Kaur's statements were not testimonial because she would not have foreseen that they would be used to prosecute Singh. (Gov. Br. 22) The government's interpretation of the term "testimonial" is unduly narrow and ignores both the letter and spirit of Supreme Court's guidance on what that term means.

4

The Sixth Amendment does not mandate that the declarant know the particular target or the myriad ways the government may use a sworn statement in order to render that sworn statement testimonial. If the declarant knows that the statement is made under oath and may used to prove or contradict a fact—to bear witness—the statement is testimonial.

The government asks the Court to rely on *United States v. Acre*, 49 F.4th 382, 392 (4th Cir. 2022), and *United States v. Benson*, 957 F.3d 218, 228 n.7 (4th Cir. 2020), for the proposition that declarant know that the statement would be used against a specific individual in a specific trial. But the government asks too much of these cases. *Acre* addresses a Cellebrite report and whether the data or just the interpretation of the data is testimonial. This Court considered whether the machine generated data was testimonial. That case necessarily involved generating data and interpretations about a specific person for use at trial against that person. So the Court was not asked to assess the testimonial nature of the statements if used against a third party. The case is therefore not as limited as the government intends.

*Benson*, on the other hand, which addresses a confession of a non-testifying co-defendant, suggests that the government's interpretation of testimonial is too limited. This Court notes that admitting a non-testifying co-defendant's confession violates the confrontation clause under certain circumstances, as outlined in *Bruton*

5

*v. United States*, 391 U.S. 123 (1968). But the Sixth Amendment violation does not turn on whether the individual making the confession knows that the statement will be used in a trial against a co-defendant. The Sixth Amendment violation does not require knowledge of who the statement will be admitted against, just that the co-defendant cannot cross examine the declarant.

Here, Kaur made the statements under oath intending the United States government to use the statement in conducting its official business and act accordingly. The formalities of writing and signing a document under oath, as an author/witness does in an affidavit, establishes that the author is "bearing witness," meaning that the author is attempting to establish a fact for later use. *Crawford v. Washington*, 541 U.S. 36, 51-52 (2004). "Statements are testimonial when their primary purpose 'is to establish or prove past events.'" *United States v. Denton*, 944 F.3d 170, 184 (4th Cir. 2019) (quoting *Davis v. Washington*, 547 U.S. 813, 822 (2006)). And the declarant need only know that she is "bearing witness" against another for use in a later proceeding, not against a specific person in a specific trial. *See United States v. Cabrera-Beltran*, 660 F.3d 742, 752 (4th Cir. 2011).

Kaur need not have intended her statements to be used against Singh in order for them to be testimonial. She intended to bear witness to past facts, and by making the statements under oath, she knew that they could be used in judicial

6

proceedings. Affidavits are a core class of testimonial documents. This Court should decline to follow the government's too-narrow view of that class.

Finally, the Sixth Amendment error in admitting Kaur's statements was not harmless. The government catalogues other evidence admitted against Singh at trial. (Gov. Br. 25-28) But this assumes the wrong standard.

This Court does not assess whether there was sufficient other evidence to convict when considering the harmlessness of a Constitutional error. Instead, this Court must consider whether admitting the particular evidence influenced or contributed to the verdict. *See Chapman v. California*, 386 U.S. 18, 24 (1967). "The inquiry, in other words, is not whether, in a trial that occurred without the error, a guilty verdict would surely have been rendered, but whether the guilty verdict actually rendered in *this* trial was surely unattributable to the error. That must be so, because to hypothesize a guilty verdict that was never in fact rendered— no matter how inescapable the findings to support that verdict might be —would violate the jury-trial guarantee." *Sullivan v. Louisiana*, 508 U.S. 275, 279 (1993).

Here, where the government relied on the erroneously admitted testimonial statements multiple times during closing argument, this Court cannot say that the statements had no impact on the verdict. The government directed the jury to the documents, pulled them up on the screens in front of the jurors to focus their

7

attention on the document. And asked the jurors to read along as the prosecutor identified, interpreted, and analyzed the statements. Moreover, because of technical difficulties, the jurors' attention was particularly focused on these statements. They had to wait for an IT person to fix the systems used to allow them to see the documents. Their attention was all the more focused on the statements than usual. (JA1470) This Court should reverse Singh's conviction and remand for a new trial.

### III. The district court erroneously excluded reverse 404(b) evidence.

The district court improperly excluded evidence under Fed. R. Evid. 403 and 404(b) that was admissible to establish that the complaining witness harbored bias against the defendants and had a motive to lie. Specifically, the court erred in excluding evidence that Bhupinder had assaulted Kaur's and Singh's son. This evidence was relevant, as it would have been helpful to the jury to decide one of the most important issues in the trial: the credibility of the government's star witness.

First, the government sets up a straw man argument that this Court should not consider. Multiple times in responding to the appellants' argument, the government addresses evidence that is not the subject of this appeal. (Gov. Br. 11-12; 36-38; 41) The government argues repeatedly that the trial court correctly excluded evidence regarding accusations that Bhupinder assaulted Kaur's and Singh's daughter. But Kaur and Singh are not arguing that the court should have

8

admitted that evidence. Instead, they argue that evidence that Bhupinder physically assaulted their son was incorrectly excluded.

Next the government asserts that Singh disavowed the allegations against Bhupinder. (Gov. Br. 39) Not so. The government cites a pleading that Singh filed in his efforts to exclude statements Kaur made. (SA59) He was not disputing the allegations against Bhupinder in this document, he was disputing the admissibility of Kaur's statements against him. He did not disavow Bhupinder's conduct. Instead, he challenged whether a co-defendant's statements could be used against him and the prejudicial nature of admitting her statements in a joint trial. (SA59-60)

In addition, the government is incorrect that admitting this evidence would have required an "exhaustive" mini trial. (Gov. Br. 41) The addition of two witnesses and a handful of documents at most would hardly delay or confuse the jury. The jury's job is to determine credibility. Therefore, asking the jury to determine the credibility, weight, and impact of the reverse 404(b) evidence is nothing more than what it has to do in any trial.

Finally, the government mentions in a footnote that the standard of review with respect to this error is "plain error" for Kaur. (Gov. Br. 33 n.4) *See United States v. Olano*, 507 U.S. 7325, 732 (1993). The error here is reversible regardless of the standard of review. Unlike most plain error cases, the district court was

9

aware of the issue and ruled on it after full briefing and argument. The standard of review is not meant to be punitive against an appellant, but to ensure that the trial court had the ability to consider relevant facts and arguments in the first instance. That happened here. Thus, the plainness of the error is established as the district court was fully aware of the issues. The error also impacted Kaur's substantial rights. The error prevented her from fully challenging the most important witness's credibility. And to reverse a verdict for one defendant and not the other on the same issue that impacts both equally would result in a miscarriage of justice, particularly since the purposes behind the plain error standard of review are not implicated.

## CONCLUSION

Multiple errors here require reversal of the convictions. The district court erred in refusing to sever Singh for a separate trial. The court also improperly admitted Kaur's testimonial statements in violation of Singh's Sixth Amendment rights. Finally, the court erroneously excluded reverse 404(b) evidence that was admissible to prove bias and motive. This Court should therefore reverse the convictions and remand for a new trial.

Respectfully Submitted,

KULBIR KAUR
HARMANPREET SINGH

*s/ Meghan Skelton*
Meghan Skelton
SkeltonLaw, LLC

10

      P. O. Box 308  
      Cabin John, MD 20818  
      240-425-2280  
      meghan@skelton.law  

      */s/ Jonathan Sheldon*  
      Jonathan P. Sheldon  
      SHELDON & FLOOD, P.L.C.  
      10621 Jones Street, Suite 301-A  
      Fairfax, Va 22030  
      (703) 691-8410  
      jsheldon@sfhdefense.com  

      *Counsel for Appellants*

## CERTIFICATE OF SERVICE

I hereby certify that on January 6, 2025, I filed the foregoing with the Clerk of Court using the CM/ECF system which will send an electronic copy to the following:

    Teresa Kwong, Erin Flynn and Avishek Panth  
    Assistant United States Attorneys  
    United States Attorney's Office  
    Eastern District of Virginia  
    Teresa.Kwong@usdoj.gov  
    Erin.Flynn@usdoj.gov  
    avishek.panth@usdoj.gov  

      *s/ Meghan Skelton*  
      Meghan Skelton  
      SkeltonLaw, LLC  
      P. O. Box 308  
      Cabin John, MD 20818  
      240-425-2280  
      meghan@skelton.law

## CERTIFICATE OF COMPLIANCE

      Pursuant to Rule 32(g) I certify that this brief is in compliance with this Court's word limitations in that it contains 2,300 words which is less than the 6,500 word limitation set by Rule 32(a)(7)(B)(ii). This brief complies with the Court's typeface and type style requirements because it was prepared in Ties New Roman 14-point font using Microsoft Word.

                                     *s/ Meghan Skelton*
                                     Meghan Skelton
                                     SkeltonLaw, LLC
                                     P. O. Box 308
                                     Cabin John, MD 20818
                                     240-425-2280
                                     meghan@skelton.law